IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-HC-2107-H

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| RONALD SNEEZER, | ) |
| Respondent. | ) |

This matter is before the court on respondent's second motion to dismiss the government's petition for commitment pursuant to 18 U.S.C. § 4248 [DE #9]. Petitioner has filed a response, and the matter is ripe for ruling. Also before the court is respondent's motion for hearing [DE #16].

Respondent's second motion to dismiss incorporates by reference the arguments originally made in United States v. Comstock, No. 5:06-HC-2195-BR (E.D.N.C.). On May 17, 2010, the Supreme Court, in United States v. Comstock, 130 S. Ct. 1949 (2010), upheld 18 U.S.C. § 4248 as valid under the Necessary and Proper Clause and remanded Comstock to the Fourth Circuit Court of Appeals for further proceedings. Upon remand, the Fourth Circuit held that the "clear and convincing evidence" standard by which the government must prove an individual is sexually dangerous for

purposes of commitment under § 4248 does not violate the constitutional guarantee of due process. United States v. Comstock, 627 F.3d 513, 524 (4th Cir. 2010).

In light of the recent rulings by the Supreme Court and the Fourth Circuit, respondent's second motion to dismiss [DE #9] is hereby DENIED WITHOUT PREJUDICE to respondent's right to pursue any preserved claims which have not yet been resolved by this court or the appellate courts. Should respondent wish to pursue any such claim, respondent shall do so in a new motion accompanied by a supporting memorandum specifically describing the claims sought to be addressed by the court.

Respondent's motion for hearing [DE #16] is hereby ALLOWED. This matter will be set for a hearing pursuant to 18 U.S.C. § 4247(h) at such time as the court's schedule permits.

Discovery in this case shall commence according to the Scheduling Order [DE #17] entered February 1, 2011. All other provisions of Standing Order 10-SO-01 remain in effect.

Additionally, pursuant to Fed. R. Civ. P. 5.2(d), L. Civ. R. 79.2 (E.D.N.C.), Section T of the court's CM/ECF Administrative Policy Manual, and Standing Order 10-SO-01, the court ORDERS that the parties file any future forensic evaluations or other psychological or psychiatric documents in this case under seal, whether such reports are produced by government evaluators,

2

independent examiners appointed by order of this court, or other mental health professionals.

This 22ⁿᵈ day of March 2011.

*[signature]*
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
TJL

3